UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JESSICA MELISSA COBIA, as an individual,<br><br>        Plaintiff(s),<br><br>vs.<br><br>RESIDENT RESEARCH, LLC, a Foreign Corporation registered to do business in the State of North Carolina; and DOES 1-10 inclusive,<br><br>        Defendant(s). | Case No.: 3:23-cv-184<br><br>**COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL** |

Plaintiff JESSICA MELISSA COBIA (hereafter "Plaintiff") files her Complaint for Damages and Demand for a Jury Trial against Defendants RESIDENT RESEARCH, LLC, and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. Defendant is a tenant screening company that furnishes tenant screening reports to prospective landlords. Its reports include information related to an applicant's credit history, eviction history and criminal history.

2. On or about March 2021, Plaintiff submitted an application to her prospective landlord, Aiken & Company, Inc.

3. In connection with Plaintiff's housing application, Aiken & Company, Inc. procured a background screening report on Plaintiff from Defendant.

4. Defendant disclosed incorrect criminal history; outdated criminal history; and criminal history belonging to another consumer with no first name or no last name match.

5. Defendant disclosed Case Number: F904281 and Case Number: 46484 in the Sumter County General Sessions.

6. However, the Clerk of Court of Sumter County General Session attests no record found for the aforementioned records.

7. Defendant also disclosed Case Number: G018266, Case Number: H783722, Case Number: H980833, Case Number: K040364, Case Number: 76967, Case Number: K040371, Case Number: M002919, Case Number: M002921 and Case Number: M002922.

8. All of the aforementioned records were expunged by Court Order on January 11, 2019.

9. Defendant also disclosed Case Number: G277647 and Case Number: G437767.

10. On April 29, 2019, Case Number: G277647 and Case Number: G437767 were expunged by Court Order.

11. Defendant also disclosed Case Number: G463095, Case Number: G463112 and Case Number: G463114 but omits the fact that Plaintiff satisfied the sentence and probation for all three cases. Disclosing the statuses as closed is misleading because it does not explicitly state whether Plaintiff completed her sentence and probation.

12. Additionally, Defendant failed to disclose the final status for Case Number: 20202350108887, Case Number: 5102P0267394, Case Number: 6102P0195342, Case Number: 6102P0494825 and Case Number: F151953.

13. Plaintiff paid her fines on September 1, 2020 for Case Number: 20202350108887, May 12, 2017 for Case Number: 5102P0267394, July 18, 2017 for Case Number: 6102P0195342, January 8, 2018 for Case Number: 6102P0494825 and on May 26, 1999 for Case Number: F151953.

14. Finally, Defendant disclosed Case Number: G837873, a Misdemeanor drug possession that belongs to Donald Coleman.

15. Any cursory review of the public record prior to disclosure would have alerted Defendant that there was no first name or last name match.

16. A brief search of Richland County's records shows that the record belongs to one Donald Coleman.

17. The name Donald Coleman is markedly different from Jessica Melissa Cobia.

18. It is widely known within the industry that the basic starting point of any matching procedure is an exact name.

19. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Disclosing erroneous information, outdated information and failing to ensure an exact name match is a clear violation of this statute.

20. There have been numerous federal enforcement actions as well as civil actions related to background screening company's failure to use a sufficient number of identifiers to ensure an accurate match.

21. Defendant did not have defined processes to verify the accuracy of the public records information provided.

22. As a direct result of Defendant's erroneous report Plaintiff was denied housing.

23. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the denial of her housing application.

24. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of housing, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

25. Plaintiff is an individual and resident of the County of Sumter, Sumter, South Carolina.

26. Defendant is an investigative consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code §1681 *et seq.*) 15 U.S. Code §1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code §1681e.

27. Resident Research, LLC is a North Carolina LLC headquartered in Charlotte, North Carolina. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, David Plank.

28. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

29. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

30. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION
### (15 USC §1681(e)(b) and DOES 1-10)

31. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

32. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

33. Defendant's conduct was willful and/or reckless because it knew that its failure to omit expunged records, to report up to date records and to ensure an exact name match is insufficient to assure maximum possible accuracy of the criminal history information reported.

34. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

35. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## SECOND CAUSE OF ACTION
### (15 USC §1681i and DOES 1-10)

36. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

37. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by failing to conduct a reasonable investigation.

38. To date, no updated report has ever been issued. Moreover, Defendant has never provided notice regarding its determination of the merits of Plaintiff's dispute as required by the FCRA.

39. Defendant willfully and/or recklessly ignored Plaintiff's dispute knowing full well that it will result in the deprivation of housing.

40. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## THIRD CAUSE OF ACTION
### (15 USC §1681g and DOES 1-10)

41. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

42. Plaintiff is informed and believes and thereon alleges Defendant failed to provide a full file in response to Plaintiff's request for information sent via certified mail

to Defendant's address located at 4400 Morris Park Dr. Suite M, Charlotte, NC 28227-8255 which is Defendant's mailing address.

43. The certified mail tracking information shows that the request was "delivered" on October 29, 2021 at 1:00 p.m.

44. To date, Defendant has failed to provide any response whatsoever to the full file request made pursuant to 15 USC §1681g.

45. Defendant's violations entitle Plaintiff to damages pursuant to 15 USC §1681n and o including but not limited to actual and/or statutory penalties, emotional distress, damage to reputation and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA
b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
c. For interest upon such damages as permitted by law;
d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
e. For the costs of the lawsuit;
f. For injunctive relief as applicable; and
g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: March 28, 2023

/s/ C. Scott Meyers
Karen McKeithen Schaede
kschaede@revolution.law
C. Scott Meyers
smeyers@revolution.law
REVOLUTION LAW GROUP
1175 Revolution Mill Drive, Suite 8
Greensboro, NC 27405
Ph: 336-333-7907
Fax: 336-333-7909

*Pro hac vice application to be filed:*

Devin Fok (SBN #256599)
devin@devinfoklaw.com
DHF Law, PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023